UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV00989 HEA |
| ) | |
| GENETIC TECHNOLOGY ) | |
| LIMITED, ) | |
| ) | |
| Defendant, ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Protective Order Relating to Monsanto Company's Request for Additional Discovery, [Doc. No. 33]. Plaintiff has filed its response under seal, [Doc. 38]. For the reasons set forth below, Defendant's motion is denied.

### Introduction and Facts

Plaintiff Monsanto Company ("Monsanto") filed a petition for declaratory judgment against Defendant Genetic Technology Limited ("GTG"), seeking a declaration of non-infringement and invalidity of one of GTG's patents. GTG, which is an Australia company, informed Monsanto that it did not believe that the Court had subject matter jurisdiction over the dispute or personal jurisdiction over GTG. GTG then filed a Motion to Dismiss based on those beliefs. Following the

filing of the Motion to Dismiss, GTG and Monsanto, with the Court's permission, agreed to engage in discovery aimed at resolving the jurisdictional issues. During discovery, GTG objected to Monsanto's 29th Document Request ("Doc. Req. 29"). Doc. Req. 29 requested the production of "[a]ll documents and things relating to any and all communications in which [GTG] asserts that any entity needs a license to the GENETIC TECHNOLOGIES patents." GTG claimed that Doc. Req. 29 sought information that was protected by attorney-client privilege, irrelevant, confidential, proprietary, and that was burdensome to produce. GTG also claimed that the third party information was of "minimal. . . relevance" to the Court's jurisdiction. Accordingly, GTG refused to produce documents in response to Doc. Req. 29.

Following GTG's refusal, Monsanto filed a Motion to Compel the production of documents responsive to Doc. Req. 29. The Court granted Monsanto's motion, stating that "GTG's contacts with entities that conduct business in Missouri. . . including Missouri contacts of GTG's licensees, are legally relevant to determining whether GTG is subject to personal jurisdiction in Missouri. . . GTG must produce all documents responsive to Requests for Production [No. 29]." Following the Court's order, GTG reviewed "thousands" of pages of documents, and produced several hundred pages of documents that Monsanto claims are either unresponsive

or minimally responsive to Doc. Req. 29.    On December 11, 2006, Monsanto became aware, through the testimony of Dr. Jacobson, that GTG had only produced documents with the exact wording "needs a license" in the text of the document. According to Monsanto, this allowed GTG to withhold documents that communicated, through import, tone, or implication, that a third party required a license, but did not contain the phrase "needs a license." Monsanto confronted GTG about GTG's narrow reading of the Court's order, and clarified that Doc. Req. 29 should be interpreted to mean "all communications with third parties in which the intention underlying the communications is related to GTG's expressed or implied concern over the potential encroachment of activities on what GTG considers to be its patented technology." Monsanto also offered to provide GTG with counsel to help locate documents responsive to the request. At some point, GTG produced further documentation that contained the "needs a license" language. Following further negotiation, GTG agreed to forward a written proposal that would limit the scope of the document production in a way that was mutually agreeable. GTG did not, however, submit such a proposal, and, instead, sent Monsanto a letter indicating that it was considering seeking a protective order. GTG has not produced any other documents responsive to Doc. Req. 29, and has sought this order to limit such production.

**Discussion**

"The Rule 26(b) of the Federal Rules of Civil Procedure is widely recognized as a discovery rule which is liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence." *Hof*er *v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1993). However, "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasoably bear upon the issues in the case." *Id*. Accordingly, a court may make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . ." Fed. R. Civ. Pro. 26(c). A party seeking a protective order has the burden of showing good cause for such an order. *See Rolscreen Co. V. Pella Products of St. Louis Inc.*, 145 F.R.D. 92 (S.D. Iowa 1992). In this case, GTG has not proved that it is entitled to a protective order.

GTG claims that they have fully and reasonably responded to Doc. Req. 29 by limiting the scope of the documents to documents containing the phrase "needs a license." GTG claims that this is in conformity with the plain meaning of Monsanto's request, and is a reasonable interpretation thereof. GTG also claims that Monsanto has attempted to broaden the scope of the request following this

Court's order granting Monsanto's Motion to Compel. GTG's assertions are incorrect. During his deposition, Dr. Jacobson admitted that GTG did not send standard letters when informing entities that they may need a license to use GTG's technology. It is, therefore, unreasonable to limit production of documents responsive to Doc. Req. 29 to documents containing the phrase "needs a license." Limiting production in this manner allows GTG to retain documents that are responsive to, but do not contain the exact phraseology of, Doc. Req. 29. GTG incorrectly focuses on semantics rather than the substance of the request. This Court does not consider Monsanto's "clarification" of Doc. Req. 29 as broadening the scope of its original request, but, rather, an attempt to prevent GTG from excluding relevant documents responsive to Doc. Req. 29.

Additionally, GTG argues that Monsanto's clarified request seeks information that is irrelevant. However, having ruled that the original request has not been broadened, this Court's order granting Monsanto's Motion to Compel stands. GTG explicitly states that it does not ask this Court to reconsider its order.

## **Conclusion**

For the foregoing reasons, GTG's Motion for Protective Order Relating to Monsanto Company's Request for Additional Discovery is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Protective Order Relating to Monsanto Company's Request for Additional Discovery, [Doc. No. 33], is denied.

**IT IS FURTHER ORDERED** that Defendant produce documents within 7 days from the date of this Order in accordance with this Court's November 11, 2006 order granting Monsanto's Motion to Compel.

Dated this 20th day of April, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE